**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-10503

PAR MICROSYSTEMS, INC.,

Plaintiff-Appellant,

versus

PINNACLE DEVELOPMENT CORP., ET AL.,

Defendants,

PINNACLE DEVELOPMENT CORP;
ROBERT S. JOHNSON,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(3:93-CV-2114-D)

June 15, 1999

Before REAVLEY, POLITZ, and SMITH, Circuit Judges.

PER CURIAM:*

Finding that Pinnacle Development Corp. infringed the software copyrights of PAR Microsystems, Inc. in violation of the Copyright Act, 17 U.S.C. § 501 **et seq.**, a jury awarded PAR $100,000 in damages. Pinnacle moved for judgment as a matter of law as to both the liability and the damages findings, and the trial court granted the motion as to damages, concluding that PAR failed to prove that it had suffered any damages as a consequence of Pinnacle's infringement. Thereafter, the

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial court assessed costs against PAR. PAR appeals the trial court's vacatur of the damages award and its award of costs to Pinnacle.

We do not address the merits of PAR's appeal with respect to the trial court's substantive holding for we agree with Pinnacle that this portion of the appeal must be dismissed as a result of PAR's conceded failure to comply with Rule 10 of the Federal Rules of Appellate Procedure.

Rule 10, in pertinent part, provides as follows:

(b)(1) Within 10 days after filing the notice of appeal or entry of an order disposing of the last timely motion outstanding of a type specified in Rule 4(a)(4), whichever is later, the appellant shall order from the reporter a transcript of such parts of the proceedings not already on file as the appellant deems necessary, subject to local rules of the courts of appeals. The order shall be in writing and within the same period a copy shall be filed with the clerk of the district court. . . .
(2) If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion.
(3) Unless the entire transcript is to be included, the appellant shall, within the 10-day time provided in paragraph (b)(1) of this Rule 10, file a statement of the issues the appellant intends to present on the appeal, and shall serve on the appellee a copy of the order or certificate and of the statement. . . .

Although PAR filed a statement with the clerk stating that it would not require any portion of the transcript, it now relies on certain transcript excerpts not part of the record in support of its appeal. Further, despite PAR's failure to order the entire transcript, it nonetheless did not file the requisite statement of issues.

Because the transcript, which has not properly been made a part of the record, is clearly essential to a resolution of PAR's claim on appeal -- that it introduced sufficient evidence of damages to support the jury verdict -- we cannot

overlook PAR's violation of Rule 10. "[T]o maintain the integrity of the rules and the appellate process, we properly decline to review controversies in which the record is not supplied to us."[1]

The transcript is not, however, necessary to our consideration of PAR's contention that the trial court abused its discretion in awarding costs to Pinnacle. The trial court offered only one justification for its decision to award those costs: Pinnacle, the trial court reasoned, was the prevailing party and, as such, was entitled to costs. Even assuming that Pinnacle -- an adjudicated infringer -- is the prevailing party because PAR failed to establish damages, Pinnacle is not automatically entitled to costs. As an eminent authority on copyright law has stated, "an award of costs will not be made if there is no element of moral blame attributable to the party against whom such costs are sought."[2] The trial court made no suggestion that PAR's suit was objectively unreasonable or brought in bad faith; nor did Pinnacle offer any support for either proposition. To award costs against a victim of infringement under such circumstances constitutes an abuse of discretion.

PAR's appeal with respect to the trial court's entry of judgment on behalf of Pinnacle is DISMISSED. The trial court's assessment of costs against PAR is

---

[1]**United States v. Hinojosa**, 958 F.2d 624, 633 (5th Cir. 1992). Pinnacle argues that we can decide the substantive issues presented on appeal because most of the relevant transcript excerpts are attached to briefs filed with the district court which are part of the record on appeal. However, inclusion of transcripts by attachment to briefs does not satisfy the requirements of Rule 10.

[2]4 Melville B. Nimmer & David Nimmer, **Nimmer on Copyright** § 14.09 (1998).

REVERSED, and the case is returned to the trial court with instructions that each party shall bear its own costs.